FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN 19 PM 3:48

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARRIS COLLINS | CIVIL ACTION |
| VERSUS | NO. 04-2292 |
| BURL CAIN | SECTION "B"(4) |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing. *See* 28 U.S.C. § 2254(e)(2).[1]

I.  **Factual and Background**

The petitioner, Harris Collins ("Collins"), is presently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On January 26, 1998, Collins was charged by a Bill of

---

[1] Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 2.

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep____
___ Doc. No ____

Information in Orleans Parish with the aggravated burglary of an inhabited dwelling belonging to his estranged wife, Pamela Collins.[3]

The record reflects that Ms. Collins separated from Collins in 1996 and moved to a house on Jackson Avenue with her son from a previous relationship.[4] At 7:00 a.m. on December 26, 1997, Collins knocked on Ms. Collins's door. She opened the wooden door and spoke to him through the locked screen door. He spoked to her about reconciling but she was not interested and asked him to leave. Collins then wrapped a handkerchief around his hand and punched through the screen door, ripping it open. While trying to get into the house, Collins hit Ms. Collins in the face, and then pulled her down the stairs, causing injuries to her leg and foot. Collins then entered the living room, took Ms. Collins's purse, and ran out. Based on Ms. Collins's statements, the police obtained an arrest warrant for Collins.

Collins was tried by a jury on May 18, 1998, and found guilty as charged.[5] The State thereafter filed a Multiple Bill.[6] At the sentencing hearing held June 19, 1998, the Trial Court adjudicated Collins as a second offender and sentenced him to serve 25 years without benefit of

---

[3]St. Rec. Vol. 1 of 3, Bill of Information, 1/26/98.

[4]The facts of the case were taken from the unpublished opinion of the Louisiana Fourth Circuit Court of Appeal. St. Rec. Vol. 2 of 3, 4th Cir. Opinion, 99-KA-1846, 1/31/01; *State v. Collins*, 786 So.2d 982 (La. App. 4th Cir. 2001) (Table).

[5]St. Rec. Vol. 1 of 3, Trial Minutes (2 pages), 5/18/98; St. Rec. Vol. 2 of 3, Trial Transcript, 5/18/98.

[6]St. Rec. Vol. 1 of 3, Multiple Bill, 6/22/98.

parole, probation or suspension of sentence.[7] The Trial Court denied Collins's Motion to Reconsider Sentence.[8]

On appeal, Collins's counsel argued that the sentence was excessive and that the Trial Court failed to notify Collins of the delays for filing for post conviction relief.[9] Collins moved pro se to supplement the appeal alleging transcript errors.[10] The Louisiana Fourth Circuit denied the pro se request to supplement because the claims sought to be raised were baseless.[11] On January 31, 2001, the Louisiana Fourth Circuit affirmed Collins's conviction and amended his sentence to reflect that it would be served with benefit of parole.[12]

Collins filed a timely writ application in the Louisiana Supreme Court.[13] The application was denied without reasons on February 1, 2002.[14]

Collins's conviction became final 90 days later, on May 2, 2002, since he did not file a writ application with the United States Supreme Court. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.

---

[7]St. Rec. Vol. 1 of 3, Sentencing Minutes, 6/19/98; St. Rec. Vol. 2 of 3, Multiple Bill and Sentencing Proceedings, 6/19/98.

[8]*Id.*; St. Rec. Vol. 1 of 3, Motion to Reconsider Sentence, 6/19/98.

[9]St. Rec. Vol. 2 of 3, Appeal Brief, 99-KA-1846, 6/25/00.

[10]St. Rec. Vol. 2 of 3, Motion to Supplement the Record on Appeal, 99-KA-1846, 7/25/00.

[11]St. Rec. Vol. 2 of 3, 4th Cir. Order, 99-KA-1846, 7/27/00.

[12]St. Rec. Vol. 2 of 3, 4th Cir. Opinion, 99-KA-1846, 1/31/01; *State v. Collins*, 786 So.2d 982 (La. App. 4th Cir. 2001) (Table).

[13]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 01-KO-883, 3/30/01. La. S.Ct. R. X§5(a) provides that an application seeking review of the judgment of the court of appeal shall be made within 30 days of the issuance of the judgment. *See also* La. Code Crim. Proc. art. 922(A). Collins petition was filed March 30, 2001 and post marked March 1, 2001. St. Rec. Vol. 2 of 3, La S. Ct. Letter, 2001-KO-883, 3/30/01.

[14]*State v. Collins*, 808 So.2d 332 (La. 2002); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2001-KO-0883, 2/1/02.

1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under Title 28 U.S.C. § 2244(d)(1)(A)).

## II. Procedural Background

On April 30, 2002, Collins submitted an Application for Post Conviction Relief to the Trial Court raising three grounds for relief:[15] (1) the State presented insufficient evidence at the multiple bill hearing; (2) the Trial Court failed to give instructions to the jury at the close of trial; and (3) he was denied effective assistance of counsel for failure to object to the insufficient evidence at the multiple bill hearing. There is no ruling from the Trial Court in the record.

On August 5, 2002, Collins filed an Application for Writ of Mandamus in the Louisiana Fourth Circuit requesting that the Trial Court be ordered to rule on the Application for Post Conviction Relief.[16] The appellate court denied the Application on September 12, 2002, finding that Collins failed to demonstrate that relief should be granted on the claims raised in the Application for Post Conviction Relief.[17]

Collins filed a Writ Application in the Louisiana Supreme Court suggesting that the Louisiana Fourth Circuit acted without authority in ruling on his Application for Post-Conviction Relief and requesting that an order be issued directing the Trial Court to rule on the claims.[18]

---

[15] St. Rec. Vol. 1 of 3, Application for Post Conviction Relief, signed 4/30/02. The record does not contain a file-stamped copy of this Application.

[16] The record does not contain a file-stamped copy of this writ application. Collins attached a purported copy of the application to his petition. Rec. Doc. No. 2, Exhibits. The filing date was obtained from the records of the Louisiana Fourth Circuit.

[17] St. Rec. Vol. 2 of 3, 4th Cir. Order, 2002-K-1548, 9/12/02.

[18] St. Rec. Vol. 1 of 3, La. S. Ct. Letter, 2002-KH-2826, 11/21/02. The record does not contain a file-stamped copy of this writ application. Collins attached a purported copy of the application to his petition. Rec. Doc. No. 2, Exhibits. He also attached a copy of the mail receipt from the prison showing that the pleading was timely mailed on October 4, 2002. Rec. Doc. No. 2, Exhibits.

On December 17, 2002, while that application was still pending in the Louisiana Supreme Court, Collins filed a Supplement and Amendment to Petition for Post-Conviction Relief in the Trial Court in which he alleged that he received ineffective assistance of counsel for failure to object to the Trial Court's failure to instruct the jury.[19] There is no ruling from the Trial Court in the record.

On February 7, 2003, Collins filed an Application for Writ of Mandamus in the Louisiana Fourth Circuit requesting that the Trial Court be ordered to rule on the Supplemental Application for Post Conviction Relief.[20] The appellate court denied the Application on April 17, 2003, finding that Collins failed to demonstrate that he was prejudiced by the failure to object to the jury instructions.[21]

Collins thereafter filed a Writ Application in the Louisiana Supreme Court asking the court to review the Louisiana Fourth Circuit's denial of relief on the following three claims addressed in the Supplemental Application for Post Conviction Relief:[22] (1) he was denied a fair trial because the Trial Court failed to instruct the jury at the close of trial; (2) counsel was ineffective for failing to object to the failure to give instructions to the jury; and (3) counsel's actions were not subject to a harmless error analysis.

---

[19]St. Rec. Vol. 1 of 3, Supplement and Amendment to Petition for Post-Conviction Relief, 12/17/02.

[20]St. Rec. Vol. 2 of 3, 4th Cir. Writ Application, 2003-K-0288, 2/7/03.

[21]St. Rec. Vol. 2 of 3, 4th Cir. Order, 2002-K-0288, 4/17/03.

[22]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 03-KH-1639, 6/11/03 (post marked 5/14/03); St. Rec. Vol. 1 of 3, La. S. Ct. Letter, 2003-KH-1639, 6/11/03.

On October 10, 2003, the Louisiana Supreme Court denied without reasons both of Collins's pending Writ Applications.[23]

### III. Federal Petition

On October 13, 2004, Collins filed a Petition for Federal Habeas Corpus Relief raising four grounds for relief:[24] (1) there was insufficient evidence presented at the multiple bill hearing; (2) the Trial Court failed to instruct the jury at the close of trial; (3) counsel was ineffective for failing to object to the insufficient evidence at the multiple bill hearing; (4) the sentence is excessive. On October 22, 2004, Collins filed an amended fifth claim asserting that he did not commit the crime of aggravated burglary because he was not divorced at the time of the incident.[25]

In its opposition response, the State concedes that Collins's federal petition is timely but argues that he has failed to exhaust available state court remedies as to all of the claims raised.[26]

### IV. Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, went into effect on April 24, 1996[27] and applies to habeas petitions filed after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320

---

[23] *State ex rel. Collins v. State*, 855 So.2d 342 (La. 2003); *State ex rel. Collins v. State*, 855 So.2d 333 (La. 2003); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2003-KH-1639, 10/10/03.

[24] Rec. Doc. No. 2.

[25] Rec. Doc. No. 4.

[26] Rec. Doc. No. 6. The State did not acknowledge this claim in its opposition response.

[27] The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

(1997)). The AEDPA therefore applies to Collins's petition which is deemed filed in this court under the federal "mailbox rule" on August 2, 2004.[28]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State alleges that Collins has only raised one of his claims, regarding the legality of his sentence, to the Louisiana Supreme Court and therefore he has not exhausted available state court remedies as to the remaining claims. The record reflects that Collins's federal petition is timely and that he failed to exhaust available state court remedies as to two of the five claims raised. The Court will address that issue.

## V.     **Exhaustion Requirement**

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at 419. "A federal habeas petition should be dismissed if

---

[28] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The Clerk of Court filed Collins's federal habeas petition on October 13, 2004, when the filing fee was paid. Collins dated his signature on the petition on August 2, 2004, which is the earliest date on which it could have been submitted to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court. *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420). For exhaustion purposes, it also is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). A prisoner does not fairly present a claim to the state's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised. *Id.*

As outlined above, Collins filed three writ applications in the Louisiana Supreme Court. In Writ No. 2001-KO-0883, Collins alleged that his sentence was excessive. This claim is raised in his federal petition. In Writ No. 2003-KO-1639, Collins alleged, *inter alia*, that he was entitled to relief because the Trial Court failed to instruct the jury at the close of trial. This claim is also before this Court for federal habeas corpus review.

However, in Writ No. 2002-KH-2826, Collins sought only mandamus relief in the form of an order to compel the Trial Court to rule on the his original Application for Post Conviction Relief. No substantive claims were raised in that petition.

Thus, Collins has raised three claims in this federal petition that have not been presented to the Louisiana Supreme Court for review: (1) insufficient evidence at the multiple bill hearing; (2) ineffective assistance of counsel for failure to object to the insufficient evidence at the multiple bill hearing; and (3) he did not commit the crime of aggravated burglary because he was not divorced at the time of the incident.

For this reason, the Court finds that Collins has failed to exhaust state court remedies as to these three claims. The record discloses no good cause for Collins's failure to exhaust and the Court can find none from its review of the record. *Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005). Therefore, this mixed petition containing both exhausted and unexhausted claims must be dismissed without prejudice to allow exhaustion, unless Collins withdraws the unexhausted claims. *Pliler v. Ford*, 542 U.S. 225, 233 (2004) (quoting *Rose v. Lundy*, 455 U.S. 509, 510 (1982)); *Whitehead*, 157 F.3d at 387.

## VI. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Harris Collins's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this _18th_ day of _January_, 2006.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE