### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**HARRIS COLLINS**                                    **CIVIL ACTION**

**VERSUS**                                            **NO.  04-2292**

**BURL CAIN**                                         **SECTION "B"(4)**

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  On January 19, 2006, the undersigned Magistrate Judge issued a Report and Recommendation recommending that Harris Collins's petition for federal habeas corpus relief pursuant to Title 28 U.S.C. § 2254 be dismissed without prejudice for failure to exhaust three of the five claims raised therein.[1]  Thereafter, Collins notified the Court of his intent to dismiss the unexhausted claims.[2]  The District Judge granted the request to dismiss the claims and referred the matter to the undersigned Magistrate Judge for further review of the remaining claims.[3]  Upon

---

[1]Rec. Doc. No. 7.

[2]Rec. Doc. Nos. 8, 11.

[3]Rec. Doc. No. 12.

review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.  *See* 28 U.S.C. § 2254(e)(2).[4]

## I.      **Factual Background**

The petitioner, Harris Collins ("Collins"), is presently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[5]  On January 26, 1998, Collins was charged by a Bill of Information in Orleans Parish with the aggravated burglary of an inhabited dwelling belonging to his estranged wife, Pamela Collins.[6]

The record reflects that Ms. Collins separated from Collins in 1996 and moved to a house on Jackson Avenue with her son from a previous relationship.[7]  At 7:00 a.m. on December 26, 1997, Collins knocked on Ms. Collins's door.  She opened the wooden door and spoke to him through the locked screen door.  He spoked to her about reconciling but she was not interested and asked him to leave.  Collins then wrapped a handkerchief around his hand and punched through the screen door, ripping it open.  While trying to get into the house, Collins hit Ms. Collins in the face, and then pulled her down the stairs, causing injuries to her leg and foot.  Collins then entered the living room, took Ms. Collins's purse, and ran out.  Based on Ms. Collins's statements, the police obtained an arrest warrant for Collins.

---

[4]Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[5]Rec. Doc. No. 2.

[6]St. Rec. Vol. 1 of 3, Bill of Information, 1/26/98.

[7]The facts of the case were taken from the unpublished opinion of the Louisiana Fourth Circuit Court of Appeal. St. Rec. Vol. 2 of 3, 4th Cir. Opinion, 99-KA-1846, 1/31/01; *State v. Collins*, 786 So.2d 982 (La. App. 4th Cir. 2001) (Table).

Collins was tried by a jury on May 18, 1998, and found guilty as charged.[8]  The State thereafter filed a Multiple Bill.[9]  At the sentencing hearing held June 19, 1998, the Trial Court adjudicated Collins as a second offender and sentenced him to serve 25 years without benefit of parole, probation or suspension of sentence.[10]  The Trial Court denied Collins's Motion to Reconsider Sentence.[11]

On appeal, Collins's counsel argued that the sentence was excessive and that the Trial Court failed to notify Collins of the delays for filing for post conviction relief.[12]  Collins moved pro se to supplement the appeal alleging transcript errors.[13]  The Louisiana Fourth Circuit denied the pro se request to supplement because the claims sought to be raised were baseless.[14]  On January 31, 2001, the Louisiana Fourth Circuit affirmed Collins's conviction and amended his sentence to reflect that it would be served with benefit of parole.[15]

---

[8]St. Rec. Vol. 1 of 3, Trial Minutes (2 pages), 5/18/98; St. Rec. Vol. 2 of 3, Trial Transcript, 5/18/98.

[9]St. Rec. Vol. 1 of 3, Multiple Bill, 6/22/98.

[10]St. Rec. Vol. 1 of 3, Sentencing Minutes, 6/19/98; St. Rec. Vol. 2 of 3, Multiple Bill and Sentencing Proceedings, 6/19/98.

[11]*Id.*; St. Rec. Vol. 1 of 3, Motion to Reconsider Sentence, 6/19/98.

[12]St. Rec. Vol. 2 of 3, Appeal Brief, 99-KA-1846, 6/25/00.

[13]St. Rec. Vol. 2 of 3, Motion to Supplement the Record on Appeal, 99-KA-1846, 7/25/00.

[14]St. Rec. Vol. 2 of 3, 4th Cir. Order, 99-KA-1846, 7/27/00.

[15]St. Rec. Vol. 2 of 3, 4th Cir. Opinion, 99-KA-1846, 1/31/01; *State v. Collins*, 786 So.2d 982 (La. App. 4th Cir. 2001) (Table).

Collins filed a timely writ application in the Louisiana Supreme Court.[16] The application was denied without reasons on February 1, 2002.[17]

Collins's conviction became final 90 days later, on May 2, 2002, since he did not file a writ application with the United States Supreme Court. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under Title 28 U.S.C. § 2244(d)(1)(A)).

## II.    Procedural Background

On April 30, 2002, Collins submitted an Application for Post Conviction Relief to the Trial Court raising three grounds for relief:[18] (1) the State presented insufficient evidence at the multiple bill hearing; (2) the Trial Court failed to give instructions to the jury at the close of trial; and (3) he was denied effective assistance of counsel for failure to object to the insufficient evidence at the multiple bill hearing.  There is no ruling from the Trial Court in the record.

On August 5, 2002, Collins filed an Application for Writ of Mandamus in the Louisiana Fourth Circuit requesting that the Trial Court be ordered to rule on the Application for Post Conviction Relief.[19] The appellate court denied the Application on September 12, 2002, finding that

---

[16]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 01-KO-883, 3/30/01.  La. S.Ct. R. X§5(a) provides that an application seeking review of the judgment of the court of appeal shall be made within 30 days of the issuance of the judgment. *See also* La. Code Crim. Proc. art. 922(A).  Collins petition was filed March 30, 2001 and post marked March 1, 2001.  St. Rec. Vol. 2 of 3, La S. Ct. Letter, 2001-KO-883, 3/30/01.

[17]*State v. Collins*, 808 So.2d 332 (La. 2002); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2001-KO-0883, 2/1/02.

[18]St. Rec. Vol. 1 of 3, Application for Post Conviction Relief, signed 4/30/02.  The record does not contain a file-stamped copy of this Application.

[19]The record does not contain a file-stamped copy of this writ application.  Collins attached a purported copy of the application to his petition.  Rec. Doc. No. 2, Exhibits.  The filing date was obtained from the records of the Louisiana Fourth Circuit.

Collins failed to demonstrate that relief should be granted on the claims raised in the Application for Post Conviction Relief.[20]

Collins filed a Writ Application in the Louisiana Supreme Court suggesting that the Louisiana Fourth Circuit acted without authority in ruling on his Application for Post-Conviction Relief and requesting that an order be issued directing the Trial Court to rule on the claims.[21]

On December 17, 2002, while that application was still pending in the Louisiana Supreme Court, Collins filed a Supplement and Amendment to Petition for Post-Conviction Relief in the Trial Court in which he alleged that he received ineffective assistance of counsel for failure to object to the Trial Court's failure to instruct the jury.[22]  There is no ruling from the Trial Court in the record.

On February 7, 2003, Collins filed an Application for Writ of Mandamus in the Louisiana Fourth Circuit requesting an order for the Trial Court to rule on the Supplemental Application for Post Conviction Relief.[23]  The appellate court denied the Application on April 17, 2003, finding that Collins failed to demonstrate that he was prejudiced by the failure to object to the jury instructions.[24]

Collins thereafter filed a Writ Application in the Louisiana Supreme Court asking the court to review the Louisiana Fourth Circuit's denial of relief on the three claims raised in the

---

[20]St. Rec. Vol. 2 of 3, 4th Cir. Order, 2002-K-1548, 9/12/02.

[21]St. Rec. Vol. 1 of 3, La. S. Ct. Letter, 2002-KH-2826, 11/21/02.  The record does not contain a file-stamped copy of this writ application.  Collins attached a purported copy of the application to his petition.  Rec. Doc. No. 2, Exhibits.  He also attached a copy of the mail receipt from the prison showing that the pleading was timely mailed on October 4, 2002.  Rec. Doc. No. 2, Exhibits.

[22]St. Rec. Vol. 1 of 3, Supplement and Amendment to Petition for Post-Conviction Relief, 12/17/02.

[23]St. Rec. Vol. 2 of 3, 4th Cir. Writ Application, 2003-K-0288, 2/7/03.

[24]St. Rec. Vol. 2 of 3, 4th Cir. Order, 2002-K-0288, 4/17/03.

Supplemental Application for Post Conviction Relief:[25] (1) he was denied a fair trial because the Trial Court failed to instruct the jury at the close of trial; (2) counsel was ineffective for failing to object to the failure to give instructions to the jury; and (3) counsel's actions were not subject to a harmless error analysis.

On October 10, 2003, the Louisiana Supreme Court denied without reasons both of Collins's pending Writ Applications.[26]

## III.   **Federal Petition**

On October 13, 2004, Collins filed a Petition for Federal Habeas Corpus Relief raising four grounds for relief:[27] (1) there was insufficient evidence presented at the multiple bill hearing; (2) the Trial Court failed to instruct the jury at the close of trial; (3) counsel was ineffective for failing to object to the insufficient evidence at the multiple bill hearing; (4) the sentence is excessive.   On October 22, 2004, Collins filed an amended fifth claim asserting that he did not commit the crime of aggravated burglary because he was not divorced at the time of the incident.[28]

Because Collins has withdrawn the unexhausted claims, only two of the claims, Claim Nos. 2 and 4, are before the Court for review in this Report and Recommendation.   The State did not address the substance of the claims and the Court finds no need for further reply from the State.[29]

---

[25]St. Rec. Vol. 3 of 3, La. S. Ct. Writ Application, 03-KH-1639, 6/11/03 (post marked 5/14/03); St. Rec. Vol. 1 of 3, La. S. Ct. Letter, 2003-KH-1639, 6/11/03.

[26]*State ex rel. Collins v. State*, 855 So.2d 342 (La. 2003); *State ex rel. Collins v. State*, 855 So.2d 333 (La. 2003); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2003-KH-1639, 10/10/03.

[27]Rec. Doc. No. 2.

[28]Rec. Doc. No. 4.

[29]Rec. Doc. No. 6.  The State did not acknowledge this claim in its opposition response.

## IV.    General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[30] applies to Collins's petition, which is deemed filed in this court under the federal "mailbox rule" on August 2, 2004.[31]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).  The Court addressed the State's exhaustion defense in the prior Report and Recommendation.  The Court will now address the merits of the two remaining issues.

## V.    Standards of Review on the Merits

The AEDPA standard of review is governed by § 2254(d) and the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362 (2000).  It provides different standards for questions of fact, questions of law and mixed questions of fact and law.  A state court's determinations of questions of fact are presumed correct and the court must give deference to the state court findings unless they

---

[30]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[31]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Collins's federal habeas petition on September 1, 2004, when the filing fee was paid.  Collins dated his signature on the petition on August 2, 2004.  This is the earliest date on which he could have delivered it to prison officials for mailing.  The fact that he paid the filing fee does not alter the application of the mailbox rule to his pro se petition.  *Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Title 28 U.S.C. § 2254(d)(2); *see Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001).  The amended statute also codifies the "presumption of correctness" that attaches to state court findings of fact and the "clear and convincing evidence" burden placed on a petitioner who attempts to overcome that presumption.  Title 28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1), as amended by the AEDPA.  The standard provides deference to the state court's decision unless the decision is "contrary to or involves an unreasonable application of clearly established federal law" as determined by the United States Supreme Court.  A state court's decision can be "contrary to" federal law if (1) the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or (2) the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams*, 529 U.S. at 405-06, 412-13; *Penry v. Johnson*, 532 U.S. 782, 792 (2001).

A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it unreasonably to the facts, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable.  *Williams*, 529 U.S. at 406-08, 413; *Penry*, 532 U.S. at 792.

The Supreme Court in *Williams* did not specifically define "unreasonable" in the context of decisions involving unreasonable applications of federal law.  *cf. Wright v. West*, 505 U.S. 277, 304 (1992).  The court, however, noted that an unreasonable application of federal law is different from an incorrect application of federal law.  *See e.g., Id.*, at 305; *see also Chambers v. Johnson*, 218 F.3d

8

360, 364 (5th Cir.), *cert. denied*, 531 U.S. 1002 (2000). "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly.'" *Price v. Vincent*, 538 U.S. 634, 641 (2003) (quoting *Bell v. Cone*, 535 U.S. 685, 699 (2002)).

Thus, under the "unreasonable application" determination, the court need not determine whether the state court's reasoning is sound, rather "the only question for a federal habeas court is whether the state court's determination is objectively unreasonable." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002).

## VI.   Failure to Instruct the Jury at the Close of Trial

Collins suggests that the trial court failed to charge the jury at the end of trial and before the deliberations. He apparently bases this on the fact that the jury instructions were not transcribed and because he was denied a copy of the charges on the basis that counsel did not object to the instructions at trial. On post-conviction review, the Louisiana Fourth Circuit denied relief finding that Collins had shown no prejudice as a result of counsel's failure to object to the jury charges. The Louisiana Supreme Court offered no additional reasons when denying the subsequent writ. *Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion).

The minutes from the jury trial contain the statement that, following closing arguments, the "court gave charge to jury."[32]  The transcript also contains the following notations and exchange:

Later in the day . . .
(Whereupon, the Court charged the jury at this time.)

THE COURT:            The Court will now be in recess until a verdict is reached.

(Whereupon, the jury commenced deliberations at this time.)

THE COURT:            Mr. Dolan, any objections to the jury charge?  Any objections
                      to the jury charge?

MR. DOLAN:            No, Your Honor.

THE COURT:            Mr. Glas?

MR. GLAS:             The State would note its objection that the Court did not even
                      rule on its motion in limine before giving the charge.

THE COURT:            Your objection is noted.

State Record Volume 2 of 3, Trial Transcript, p. 51, May, 18, 1998.

The record clearly reflects that the Trial Court did charge the jury and Collins's counsel, Jack Dolan, voiced no objections thereto.  Collins's claim that the Trial Court did not charge or instruct the jury as required is factually baseless.

The fact that he has not been able to obtain a copy of the charges to engage in a "fishing expedition" to peruse the transcript for possible error is not a constitutional violation.  *Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir.1982).  The law does not require a more complete transcript where the petitioner is unable "to indicate one specific error committed during the portions of trial not included in the record." *Cf. United States v. Renton*, 700 F.2d 154, 159 (5th Cir.1983).

---

[32]St. Rec. Vol. 1 of 3, Trial Minutes (2 pages), 5/18/98.

Furthermore, conclusory allegations of possible errors will not support a constitutional violation for habeas corpus review.  To merit federal habeas corpus relief on a claim that state court transcripts are incomplete, the petitioner must support his claims with more than mere unsubstantiated transparent speculation.  *See Mullen v. Blackburn*, 808 F.2d 1143, 1146 (5th Cir.1987); *United States ex. rel. Hunter v. Follette*, 307 F. Supp. 1023, 1025 (S.D.N.Y.) ("general assertion that omitted portions of the record 'contained most of the . . . trial errors which are reversible,' presents no ground for federal habeas corpus."), *aff'd*, 420 F.2d 779 (2d Cir.1969), *cert. denied*, 397 U.S. 1067 (1970).  Collins has not met this burden.  *See Johnson v. Blackburn*, 1987 WL 9810 at *2 (E.D. La. 1987).

For the foregoing reasons, Collins's claim is without factual basis and fails to provide a claim appropriate for federal habeas corpus review.  The denial of relief on this claim was not contrary to, or an unreasonable application of, federal law.  His claim is therefore without merit.

## VII.   <u>Excessive Sentence</u>

Collins alleges that his sentence of 25 years imprisonment without benefit of parole, probation, or suspension of sentence for aggravated burglary of an inhabited dwelling, as a second offender, was excessive.[33]  Collins counsel raised this claim on direct appeal.  The Louisiana Fourth Circuit denied relief finding that the 25 year sentence was within Louisiana's sentencing range for the crime, was warranted by the evidence, and was not disproportionate to the sentences given in

---

[33]He also claims he was not advised of the delays for seeking post-conviction relief.  On direct appeal, the Louisiana Fourth Circuit found that Louisiana law does not give a defendant and enforceable right to be notified of the post-conviction delays under La. Code Crim. P. art. 930.8.  St. Rec. Vol. 2 of 3, 4th Cir. Opinion, 99-KA-1846, 1/31/01; *State v. Collins*, 786 So.2d at 982.  Nevertheless, the Louisiana Fourth Circuit advised Collins in their opinion of those delays.  There is no federal habeas corpus issue raised here.

similar case.[34]   The Louisiana Supreme Court denied the subsequent writ application without reasons.

Federal courts accord broad discretion to a state trial court's sentencing decision which falls within the statutory limits.  *Haynes v. Butler*, 825 F. 2d 921, 923-24 (5th Cir. 1987); *Turner v. Cain*, 199 F.3d 437 (5th Cir. 1999) (unpublished) (sentence was within Louisiana statutory limits and within trial court's discretion, therefore petitioner failed to state cognizable habeas claim for excessive sentence).  If a sentence is within the statutory limits, a federal habeas court will not upset the terms of the sentence unless it is grossly disproportionate to the gravity of the offense.  *Harmelin v. Michigan*, 501 U.S. 957 (1991); *Solem v. Helm*, 463 U.S. 277 (1983).

"[W]hen a threshold comparison of the crime committed to the sentence imposed leads to an inference of 'gross disproportionality,'" a court then considers (a) the sentences imposed on other criminals in the same jurisdiction; and (b) the sentences imposed for commission of the same offense in other jurisdictions.  *Smallwood v. Johnson*, 73 F.3d 1343, 1346-47 (5th Cir. 1996); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992).  When a habeas petitioner has been sentenced under a habitual offender statute, a federal court must consider "the seriousness of his most recent offense, not as it stands alone, but in the light of his prior offenses."  *McGruder*, 954 F. 2d at 316.

Collins was convicted of aggravated burglary of an inhabited dwelling in violation of La. Rev. Stat. Ann. § 14:60.  Under Louisiana law, the crime carried with it a sentencing range of imprisonment at hard labor for not less than one nor more than 30 years.  La. Rev. Stat. Ann. § 14:60.  The state trial court also determined that Collins was a second offender.  At the time of

---

[34]St. Rec. Vol. 2 of 3, 4th Cir. Opinion, 99-KA-1846, 1/31/01; *State v. Collins*, 786 So.2d at 982.

Collins's conviction, La. Rev. Stat. Ann. § 15:529.1 provided in relevant part the following sentencing scheme relative to a fourth felony offender like Collins:

> A.(1)Any person who, after having been convicted within this state of a felony or adjudicated a delinquent under Title VIII of the Louisiana Children's Code for the commission of a felony-grade violation of either the Louisiana Controlled Dangerous Substances Law involving the manufacture, distribution, or possession with intent to distribute a controlled dangerous substance or a crime of violence as listed in Paragraph (2) of this Subsection, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
> (a) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term no less than one-half of the longest term and not more than twice the longest term prescribed for a first conviction . . . .

Thus, Collins faced a sentence of 15 to 60 years, as determined on direct appeal by the Louisiana Fourth Circuit.[35]  The 25 year sentence was well within the sentence for a habitual offender.  In fact the sentence would have been within the range for a first offender.  The court must now consider proportionality.

The United States Supreme Court has stated that "the Eighth Amendment does not require strict proportionality between crime and sentence.  Instead, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Ewing v. California*, 528 U.S. 11, 23 (2003) (*quoting Harmelin*, 501 U.S. at 1001 (Kennedy J., concurring in part and concurring in judgment)).  The Supreme Court has recognized that only the rare case will reach the level of gross disproportionality. *Id*., 538 U.S. at 30.  As noted above, that disproportionality is judged by whether similar sentences have been imposed for the same offense. *Smallwood*, 73 F.3d at 1346-47.

---

[35]*Id.*

Collins's prior conviction was for the unauthorized entry of an inhabited dwelling.  In the case before the Court, he entered the home of his estranged wife and beat her.  A review of the published case law in Louisiana reflects that Collins's 25 year sentence as a second offender was not grossly disproportionate.  *State v. Robinson*, 818 So.2d 246 (La. App. 4th Cir. 2002) (second offender, 50 years); *State v. Owens*, 743 So.2d 890 (La. App. 2d Cir. 1999) (second offender, 25 years); *State v. Bunch*, 510 So.2d 1266 (La. App. 4th Cir. 1987) (second offender, 60 years); *State v. Ellis*, 482 So.2d 57 (La. App. 1st Cir. 1986) (first offender, 25 years); *State v. Coleman*, 450 So.2d 1063 (La. App. 1st Cir. 1984) (first offender, 25 years).

For the reasons discussed above, Collins's sentence was not unconstitutionally excessive under federal law.  Therefore, the denial of relief on this issue was not contrary to, or an unreasonable application of, established Supreme Court precedent.  Collins is not entitled to relief on this claim.

## VIII.   <u>Recommendation</u>

For the foregoing reasons, it is **RECOMMENDED** that Harris Collins's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

14

a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this ___11th___ day of _____May_____, 2007.


**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**